UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALDON TOWNES,

            Plaintiff,

v.                                                             Case No. 09-10693
                                                              Honorable Julian Abele Cook, Jr.
COUNTY OF WAYNE, WARREN C. EVANS,
SHERIFF and CHIEF JERIAL HEARD and DEPUTY
SHERIFF ALI MAZLOUM, Individually, and in their
official capacities,

           Defendants

## ORDER

One of the Defendants in this lawsuit, County of Wayne (Michigan), has filed a motion which, if granted, would stay the commencement of the trial in this case during the pendency of an interlocutory appeal by the remaining Defendants to the Sixth Circuit Court of Appeals ("Sixth Circuit") relating to the issue of qualified immunity. This request for relief is opposed by the Plaintiff, Caldon Townes. For the reasons that have been stated below, Wayne County's motion for a stay will be granted.

I.

This lawsuit relates to an accusation by Caldon Townes who maintains that he was, *inter alia,* falsely imprisoned by the Defendants[1] whose allegedly wilful and wanton misconduct,

---

[1] All of the individual Defendants in this action are, or were, law enforcement officials of the Wayne County, Michigan government during the pertinent dates within Townes' complaint; namely, Sheriff Warren C. Evans, Chief Sheriff Jerial Heard, and Deputy Sheriff Ali Mazloum. The remaining Defendant, County of Wayne of Michigan - the movant of the currently pending motion - is an entity within the State of Michigan municipal government.

1

deliberate indifference and gross negligence, intentional infliction of emotional distress were committed in violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

In an order that was entered on April 5, 2011, the Court denied the Defendants' motion to dismiss this lawsuit and/or to enter a summary judgment on qualified immunity grounds as to all of them except as to the movant, County of Wayne.

II.

In its motion to stay the proceedings, Wayne County correctly notes that the denial of a qualified immunity defense entitles the affected party to seek an immediate appellate review.[2] *Berryman v. Rieger,* 150 F.3d 561, 562 (6th Cir. 1988) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Moreover, since this doctrine is designed to shield public officials from any unwarranted disruptions that may have been caused by discovery issues and a trial, a party who appeals an adverse qualified immunity ruling is entitled to have the underlying action stayed pending the resolution of an appellate review. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) (recognizing that "a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation," and noting that if summary judgment predicated on claim of immunity is denied, the aggrieved party is entitled to resolution of issue on appeal).

Wayne County acknowledges that, inasmuch as it was not subject to the ruling by this Court on the qualified immunity issue in April 2011, the now-pending trial could proceed without the

---

[2] Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). As to that portion of the case, jurisdiction is transferred to the appellate court (with the exception of those matters that are in aid of the appeal).

presence of the other Defendants. Nevertheless, it seeks to obtain a stay of the trial because the question of its liability is "inextricably intertwined" with those issues that have been raised by the individual officers' qualified immunity appeal.

Townes challenges this characterization, arguing that his claims against the County are not dependent on his dispute with the individual officers. In support of his claim, he cites *Bates v. Dura Automotive Systems, Inc.*, 625 F.3d 283, 286-87 (6th Cir. 2010), for its view that issues are "inextricably intertwined" for purposes of appeal only " if the resolution of the properly appealable issue 'necessarily and unavoidably' [will decide] the non-appealable issue.'" Yet, a careful reading of *Bates* reveals that it does not support the position which has been advanced by Townes.

In *Bates,* a group of employees filed a lawsuit, in which they collectively challenged their employer's drug testing policy under the Americans with Disabilities Act ("the ADA"). The only issue certified for appellate review was a determination by the district court that a person need not be disabled in order to pursue claims under a certain provision of the ADA. The Sixth Circuit resolved that issue, but declined to address a separate challenge to other aspects of the district court's ruling because those issues were not "inextricably intertwined," i.e. "coterminous with, or subsumed in," the main aspects of the appeal. *Id.* at 287. In the judgment of the court, there was no basis upon which it could exercise its pendent appellate jurisdiction. This was the primary reason that the appellate court addressed whether the two issues were "inextricably intertwined." Thus, contrary to Townes' representations, the analysis in *Bates* has virtually no impact on whether the trial in this case can proceed during the pendency of the other Defendants' appeal.

Upon reviewing the record, the Court finds that a stay of the proceedings against the County is a recognition of the best use of its judicial time and resources. Although the issues in the two

3

lawsuits are not necessarily identical, the liability of the County, if any, is, in some respects, tied to the issues on appeal; namely, whether any of the individual officers can be said to have committed a constitutional violation of a clearly established right. In this regard, the Court perceives a potential risk of reaching inconsistent results if the case against the County is allowed to proceed without a decision from the Sixth Circuit. Moreover and in the interest of avoiding piecemeal litigation - especially when no prejudice to Townes has been shown, the Court deems it appropriate to stay the trial in this matter pending a resolution of the qualified immunity issue by the Sixth Circuit.

III.

Therefore, for the reasons that have been set forth above, the request for a stay of the proceedings by Wayne County must be, and is, granted.

IT IS SO ORDERED.

Dated: July 19, 2011　　　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 19, 2011

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　Case Manager