UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALDON TOWNES,

                Plaintiff,                          Case No. 09-10693

v.                                                        Honorable Julian Abele Cook, Jr.

COUNTY OF WAYNE, WARREN C. EVANS,
SHERIFF and CHIEF JERIAL HEARD and DEPUTY
SHERIFF ALI MAZLOUM, Individually, and in their
official capacities,

                Defendants

## ORDER

The Plaintiff in this civil rights lawsuit, Caldon Townes, has accused the Defendants, Warren C. Evans, Jerial Heard, and Ali Mazloum (all of whom are law enforcement officials within the County of Wayne, Michigan), as well as the County of Wayne, of committing a wide variety of unlawful acts (false imprisonment; wilful misconduct and/or deliberate indifference; gross negligence; intentional infliction of emotional distress; and the deprivation of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983). This lawsuit arises from claims by Townes that the Defendants held him in custody for an excessive amount of time (seventeen days) when the only basis for his arrest was an unfounded allegation that he had violated the terms of his probation.

On April 5, 2011, the Court entered an order which, in part, denied the individual Defendants' motions to dismiss the Plaintiff's claims on the basis of qualified immunity. These same movants have now asked the Court to (1) reconsider its April 5th order, and (2) dismiss the pending claims against them as a matter of law. For the reasons that have been stated below, the

Defendants' requests will be granted.

I.

According to the Local Rules of this Court, an aggrieved party, who seeks to obtain the reconsideration of an order, must initially demonstrate "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled . . . [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. L. R. 7.1(h)(3). A "palpable defect" is described as that which is obvious, clear, unmistakable, manifest, or plain. *Smith ex rel. Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). These Local Rules provide further that "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication" will not be granted. *Id.*

Furthermore, a motion for reconsideration is not an appropriate mechanism by which a party may (1) unveil a legal theory for the first time, (2) raise legal argumentation which could have been heard during the pendency of an earlier motion, or (3) present evidence that could have been proffered during the pendency of the original motion. *Deepen Const. Co., Inc. v. International Union of Bricklayers et al,* 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010).

II.

The key facts which underlie Townes' lawsuit stem from his arrest and detention for an alleged probation violation. The terms of this probationary sentence were originally set by Wayne County Circuit Court Judge David Groner in October of 2006 before whom he had pled guilty to felony stalking. Judge Groner's sentence included a directive which prohibited Townes from engaging in any form of assaultive conduct. Yet, almost two years later, Townes reportedly left

threatening and derogatory messages for a woman on her cellular phone. Judge Groner, acting upon the recommendation of a probation officer's recommendation, issued a warrant on June 11, 2008 which authorized Townes' arrest. One week later, Townes was apprehended and transported to the Wayne County jail. For a variety of reasons thereafter (including errors by courthouse personnel regarding the business hours of the court, intervening weekends and holidays, Townes' brief stay in a local hospital, and the unavailability of the arraigning judge), he was not arraigned on the alleged probation violation until the passage of seventeen (17) days after his arrest.

In an order, which denied the Defendants' request for the entry of a summary judgment on Townes' claims under § 1983 and on the qualified immunity issue, the Court noted that it was not persuaded that (1) *Morrissey v. Brewer,* 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) - standing alone - established a standard that the 17-day delay in the arraignment process in the case at bar was presumptively legal, or  (2) the Defendants had presented an adequately developed argument for disposing of Townes' efforts to seek relief under 42 U.S.C. § 1983.  At the same time, the Court also declined to grant relief to the remaining Defendant, Wayne County,  based on the reasonable possibility or probability that a jury could conclude - as Townes had argued,- that the absence of a municipal corporate policy for ensuring the actual arraignment of defendants in a timely manner (as opposed to merely being presented to a judicial officer for an arraignment) could provide a basis for liability under *Monell v. City of New York Department of Social Services,* 436. U.S. 658 (1978) (Order at 14-16).

 The Court also determined that the issue of qualified immunity was not a viable defense because (1) *Morrissey* and *Gagnon* had outlined a clearly established right to be heard "as promptly as convenient after arrest," and (2) the facts in this case, when viewed in a light most favorable to

3

Townes, spelled out a presumptive violation of an otherwise clearly established right. (Order at 19). Acting upon this rationale, the Court denied the Defendants' request for the entry of a summary judgment on these grounds.

In their application for a reconsideration of the order of April 5, 2011, all of the individual Defendants have lodged their collective disagreements with the conclusions by the Court, as well as its analysis. Although they appear to have conceded that portions of their arguments were under-developed, it is their position that (1) *Morrissey* and *Gagnon* are controlling to the extent that Townes' claims must be analyzed on the basis of the 14th Amendment - not the 4th Amendment. Moreover, the Defendants underscore their belief that neither *Morrissey*, *Gagnon* nor their progeny have established a bright-line test for determining when or if a particular delay in bringing a probation violator before a judge for hearing offends constitutional standards. In this vein, they assert that there is no Sixth Circuit precedent which has clearly established that a delay of seventeen days in the arraignment process spells out a violation of a defendant's constitutional rights. Nevertheless and in light of their current assessment of this situation, the Defendants believe it was improper for the Court to have (1) overlooked certain testimony from a witness (i.e., Heard) about the County's policy on arraignments, and (2) relied upon an administrative order by then-Chief Judge Mary Beth Kelly of the Wayne County Circuit Court which required daily arraignments for persons charged with certain felony and misdemeanor arrests (and not alleged probation violators arrested pursuant to bench warrants).

As the Defendants note, in *Morrissey, supra*, the Supreme Court found that the Due Process Clause of the Fourteenth Amendment requires a State to give an individual the opportunity to be heard before summarily revoking his or her parole. 408 U.S. 471, 472, (1972). The *Morrissey*

Court began its analysis with a recognition that, unlike other proceedings, the revocation of parole is not part of a criminal prosecution, and thus it lacks the "full panoply of rights" that would otherwise be due to a defendant in earlier stages of the process. After assessing the nature of a person's interest in being granted parole, the Court concluded that such a person's liberty, "although indeterminate, includes many of the core values of unqualified liberty," such that its termination inflicts a "grievous loss" on the parolee and often on others. 408 U.S. at 482. It concluded that "(b)y whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment," thus requiring some sort of process before being eliminated. *Id.* In outlining the timing of certain procedural requirements, the *Morrissey* Court noted that initially, a person is entitled to a preliminary hearing which must occur "at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Id.* at 485. One year later in *Gagnon, supra,* the Supreme Court extended the reasoning in *Morrissey* to persons who face revocation of their probation. Finding no relevant distinction between accused probation violators and parole violators, the *Gagnon* Court held that - although a probation revocation hearing carries the inherent possibility of a loss of liberty - it is not a stage of a criminal prosecution. Further, it noted that "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey* . . . ." 411 U.S. at 782.

The Defendants assert that, aside from outlining the parameters of the "promptly as convenient" standard for conducting arraignments, neither the Supreme Court nor the Sixth Circuit ever established a hard-and-fast rule that clearly defined an acceptable time-frame. Based upon Heard's testimony that it is the policy of the Wayne County Sheriff to bring those probation

violators who have been arrested on bench warrants before a court immediately, the Defendants believe that this Court erred in concluding that their conduct fell short of the standards in *Morrissey* and *Gagnon.*

Upon reconsideration of its order, the Court agrees with the Defendants' assessment. In reaching this conclusion, the Court acknowledges that Townes's claim must be grounded in an analysis under the Fourteenth Amendment rather than the Fourth Amendment, mainly because he was taken into custody pursuant to an arrest warrant. *See Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009) (acknowledging that a failure to conduct a probable cause hearing within 48 hours of a *warrantless* arrest constitutes a violation of the Fourth Amendment's shield against unreasonable seizures, but rejecting defendant's Fourteenth Amendment argument because "the Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause."). Notwithstanding the lack of adequate briefing from the parties on this issue, a close evaluation of the precedent compels a conclusion that Townes' § 1983 claims, which are grounded in the Fourth and/or the Eighth Amendment cannot prevail as a matter of law. Thus, the Court will accept the Defendants' request for a reconsideration of that portion of its order. Accordingly, the Defendants' motion for a dismissal and/or for the entry of a summary judgment on this aspect of Townes' § 1983 claims must be granted.

Moreover, even assuming that the Defendants' challenged conduct amounted to a violation of Townes's due process rights, the above analysis suggests that these rights had not been "clearly established" at the level of specificity which is required by Sixth Circuit jurisprudence. A qualified

immunity analysis involves two fundamental questions; first, whether, viewed in a light that is most favorable to the claimed-injured party, "the facts alleged show the officer's conduct violated a constitutional right. [Second,] . . . whether the right was clearly established . . . in light of the specific context of the case." *Binay v. Bettendorf*, 601 F.3d 640, 646-47 (6th Cir. 2010) (quotation marks and internal citations omitted). In assessing whether a right is "clearly established," the Court must look to established precedent to show that "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Sixth Circuit has recently emphasized that this standard requires courts to "examine the asserted right at a relatively high level of specificity[,]" and "on a fact-specific, case-by-case basis." *O'Malley v. City of Flint*, No. 09-2037, ___ F.3d ___, 2011 WL 3055227, *3 (6th Cir. Dec. 10, 2011). Stated differently, it is not sufficient to show that the "right is 'clearly established' in the abstract." *Parsons v. City of Pontiac*, 533 F.3d 492, 500–01 (6th Cir.2008). To the contrary, an arresting officer enjoys immunity as long as he "could reasonably (even if erroneously) have believed that the arrest was lawful" at the time based on "the specific context of the case, not as a broad general proposition." *Id.*

Viewed through the lens of this precedent, the Court is now compelled to agree with Defendants that the relevant focus is not - as the Court had originally concluded - whether under the standards of *Morrissey* and *Gagnon*, an accused probation violator generally had a right to be processed as "promptly as convenient." (Order at 19). In retrospect, a more specific inquiry should have been undertaken as to whether it was clearly established within the Sixth Circuit at the time of Townes' arrest that detaining a person for approximately seventeen post-arrest days would deprive him of his due process rights. This Court cannot say that, at the time of Townes' arrest,

7

a reasonable officer in the shoes of the individual Defendants in this case would have understood that his conduct was in violation of clearly established law.  For this reason, the Court has now reconsidered its order, and after having done so, concludes that the Individual Defendants' collective request for a dismissal and/or for the entry of a summary judgment on the basis of qualified immunity on the § 1983 claims must be, and is, granted.

Finally, in light of the foregoing analysis, the Court also revisits its decision to deny summary judgment to (1) Wayne County on the potential basis of its lack of a policy for ensuring defendants are *actually* arraigned once presented to a court, and (2) Evans relating to Townes' claim that he was grossly negligent because of his alleged failure to develop such a policy.  After considering the foregoing assessment of *Morrissey* and *Gagnon*, *supra*, the Court does not believe that the law requires this municipal entity or its sheriffs to maintain a policy at such a high level of specificity. Moreover, as the Defendants note, there was testimony and documentary evidence in the record to suggest that in accordance with the broad requirements of federal law, the Defendants had a policy of ensuring that all inmates are sent to court "in a timely manner," and that probation violators are specifically processed "immediately," meaning " at the first opportunity when the court is open for business."  (Recons. Mot. at 6). When viewed in its totality, it is the conclusion of the Court that Townes' request for relief, which is based on an alleged lack of a constitutional policy, must, and does fail.

IV.

Therefore and for the reasons that have been stated above, the motion for reconsideration of the summary judgment order of April 5, 2011 (Docket Entry No. 38) is granted.  The remaining claims against each of the individual Defendants are dismissed on the basis of qualified immunity.

Further, the *Monell* claim against Wayne County, along with Townes' gross negligence claim against Warren Evans must fail as a matter of law. Having disposed of all of the remaining issues, Townes' lawsuit is therefore dismissed in its entirety.

    IT IS SO ORDERED.


Date: August 30, 2011                                          s/Julian Abele Cook, Jr.
                                                                                       JULIAN ABELE COOK, JR.
                                                                                       U.S. District Court Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 30, 2011

                                                                                          s/ Kay Doaks
                                                                                         Case Manager